**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

| | |
|---|---|
| SIDNEY BROWN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **Civil Action No. 1:19-00762** |
| ) | |
| C. MARUKA, Warden, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending are Petitioner's Petitions Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document Nos. 1 and 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Petitions, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petitions should be dismissed.

**FACT AND PROCEDURE**

A.    **Criminal Action No. 1:11-cr-00150:**

On January 11, 2012, following a two day jury trial, Petitioner was convicted in the Western District of Michigan of one count of Possession with Intent to Distribute 28 Grams or More of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Count One); one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); and one count of Being a Felon in Possession of a Firearm in violation of 19 U.S.C. § 922(g)(1) (Count Three). United Statement v. Brown, Case

---

[1]    Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

No. 1:11-cr-00150 (W.D.Mich. May 7, 2012), Document No. 55. On May 7, 2012, the District Court imposed the following terms of imprisonment: "one hundred fifty (150) months on Count 1; Sixty (60) months on Count 2; and One hundred twenty (120) months on Count 3." Id., Document No. 67. The District Court directed that "Counts 1 and 3 be served concurrently with one another and concurrently with the term of imprisonment imposed by the State of Michigan for a parole violation; Count 2 is to be served consecutive to Counts 1 and 3 for a total of two hundred ten (210) months." Id.

On May 10, 2012, Petitioner filed a Notice of Appeal. Id., Document No. 68. In his appeal, Petitioner argued as follows: (1) The "affidavit accompanying the search warrant application did not establish probable cause for the magistrate [judge]² to issue the search warrant;" (2) The District Court erred by refusing to hold a Franks hearing; and (3) The jury's conviction of Petitioner for possession of a firearm in furtherance of a drug trafficking crime constituted a manifest miscarriage of justice. Id., Document No. 71. On May 16, 2013, the Sixth Circuit affirmed Petitioner's conviction and sentence. Id.; also see United States v. Brown, 715 F.3d 985 (6th Cir. 2013). By Amended Opinion filed on June 27, 2013, the Sixth Circuit again affirmed Petitioner's conviction and sentence. United States v. Brown, 732 F.3d 569 (6th Cir. 2013). The United States Supreme Court denied Petitioner's petition for writ of certiorari on November 4, 2013. Brown v. United States, 571 U.S. 1000, 134 S.Ct. 539, 187 L.Ed.2d 386 (2013).

**B.    First Section 2255 Motion:**

On July 7, 2014, Petitioner filed in the Western District of Michigan his first Motion to

---

² To avoid confusion with state court justices of the peace or other state judicial officers, Congress changed the title for Article I judicial officers from "Magistrate" to "Magistrate Judge". It is an important distinction not recognized in petitioner's pleading.

Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 and Memorandum in Support. Id., Document Nos. 79 and 80. In his Motion, Petitioner asserted that trial counsel was ineffective based on the following: (1) Counsel failed to use facts known to him to argue for the exclusion of an alleged statement admitting to drug quantity, taking an adversarial position to the Petitioner in regards thereto, and failing to object to the attributed drug quantity contained in the presentence report and determined guideline range; (2) Counsel failed to object to the Government's false statement of fact which prejudiced the Petitioner; and (3) Counsel failed to raise the Alleyne issue on appeal after being prompted to do so by Petitioner. Id. Trial counsel filed an Affidavit in Response on August 20, 2014. Id., Document No. 84. The United States filed its Response in Opposition on August 28, 2014. Id., Document No. 32. Following the granting of an extension of time, Petitioner filed his Reply on April 6, 2015. Id., Document No. 98. By Opinion and Judgment Order entered on September 18, 2015, the District Court denied Petitioner's Section 2255 Motion. Id., Document Nos. 100 and 101. In finding Petitioner's Alleyne argument to be without merit, the District Court stated, in pertinent part, as follows:

> Brown claims that because the jury found Brown guilty of 28 grams or more of cocaine base, the Court was not allowed to make a judicial finding that Brown was responsible for 108 grams. Brown claims that he was sentenced under a mandatory minimum statutory range of 10 years to life, rather than a jury determination of 5 to 40 years.
>
> Brown's contention is simply not true. While the sentencing guideline range was greater than 10 years, the statutory sentencing range on Count One was between 5 and 40 years. The Court granted a downward departure and imposed a sentence of 150 months on Count One. As counsel notes in his affidavit, "[s]ince the only mandatory minimum sentence on Count One was five (5) years, and the jury made a specific finding that Mr. Brown was involved in a quantity of drugs that triggered the five (5) year sentence, . . . the decision in Alleyne [did not] change the manner in which sentencing should have been conducted." (ECF No. 84 at 6.)
>
> To the extent that Brown contends that Alleyne requires the jury to decide the sentencing guideline range, he is incorrect:
>
> * * *

3

*Alleyne*, 133 S.Ct. at 2163. The Court was well within its discretion to apply a sentence (below) the sentencing guidelines by considering a final P.S.I. Report that was not objected to at the time; indeed, the Court granted a downward variance with regard to Count One. Brown's claim of ineffective assistance of counsel is based on an implausible reading of *Alleyne* and this, is meritless.

Id., Document No. 100, pp. 10 – 11. On February 29, 2016, Petitioner filed a Notice of Appeal.

Id., Document No. 111. By Order filed on October 13, 2016, the Sixth Circuit construed

Petitioner's Notice of Appeal as an Application for a Certificate of Appealability and denied

such. Id., Document No. 113.

**C.    Motions to Reduce Sentence:**

On November 5, 2014, Petitioner filed in the Western District of Michigan a Motion for

Modification or Reduction of Sentence Under Guideline Amendment 782 Pursuant to 18 U.S.C.

3582(c)(2). Id., Document No. 86. By Order entered on November 6, 2014, the District Court

held the above Motion in abeyance. Id., Document No. 88. By Order entered on November 2,

2015, the District Court entered a Scheduling Order. Id., Document No. 102. Petitioner filed his

Response on January 20, 2016, and the United States filed its Response on February 9, 2016. Id.,

Document Nos. 106 and 107. By Memorandum Opinion and Order entered on February 16,

2016, the District Court denied Petitioner's Motion. Id., Document Nos. 108 and 109.

On May 24, 2019, Petitioner filed a Motion for Modification or Reduction of Sentence

Under the First Step Act. Id., Document No. 116. On June 20, 2019, the United States filed a

Response in Opposition. Id., Document No. 118. By Order entered on June 21, 2019, the District

Court denied Petitioner's Motion. Id., Document No. 119.

**D.    Section 2241 Petition:**

On October 18, 2019, Petitioner filed his instant Petitions requesting relief under 28

U.S.C. § 2241. (Civil Action No. 1:19-00762, Document Nos. 1 and 2.) Specifically, Petitioner challenges the validity of his sentence concerning Count One (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii)) based upon <u>Alleyne v. United States</u>, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). (<u>Id.</u>) Petitioner argues that the "core crime and facts triggering the mandatory minimum sentence here, the drug quantity" was required to be determined by the jury. (<u>Id.</u>) Petitioner contends that "the jury found Petitioner guilty of 28 grams or more of cocaine base, but did not submit the necessary factors/elements of the separate aggravated crimes to enhance the penalties that enhanced his statutory minimum sentence." (<u>Id.</u>) Petitioner further argues that "[t]he judicial fact finding established by preponderance of the evidence adopted by the PSR violated Petitioner's 5th Amendment right to Due Process because the elements that were clear separate distinct crimes that aggravated Petitioner's sentence outside of the scope of the indictment." (<u>Id.</u>) Petitioner argues that his appellate counsel was ineffective in failing to assert the above argument in his direct appeal. (<u>Id.</u>) Thus, Petitioner argues that he is entitled to *habeas* relief because he can meet the <u>Wheeler</u> requirements. (<u>Id.</u>)

By Order entered on November 13, 2019, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petitions and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 8.) On December 31, 2019, Respondent filed his Response to the Order to Show Cause. (Document No. 13.) Respondent first argues that Petitioner's Petition should be dismissed because Petitioner "has filed an improper 28 U.S.C. § 2255 petition in the wrong judicial district." (<u>Id.</u>, pp. 5 – 8.) Respondent explains that Petitioner must file his Section 2255 with the sentencing court. (<u>Id.</u>) Second, Petitioner "has not met his burden of demonstrating that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention.'" (<u>Id.</u>, pp. 8 – 9.)

Respondent notes that Petitioner asserted his <u>Alleyne</u> claim in his prior Section 2255 Motion and "[t]he fact that relief under § 2255 is barred by procedural or other gatekeeping strictures does not alone render the remedy of a § 2255 petition inadequate or ineffective." (<u>Id.</u>) Finally, Respondent argues that "[t]he Fourth Circuit's <u>Wheeler</u> requirement have not been satisfied" (<u>Id.</u>, pp. 9 – 11.) Respondent explains that Petitioner was "not sentenced under a statutory sentencing scheme that relied upon facts not submitted to the jury, and therefore <u>Alleyne</u>, the case upon which [Petitioner] relies, is inapplicable." (<u>Id.</u>) Respondent notes that in Petitioner's instant petition, "as he has in a *pro se* habeas motion, incorrectly claim[ed] that his statutory minimum sentence was enhanced by facts not submitted to the jury." (<u>Id.</u>) Respondent further argues that "[n]ot only does the Supreme Court's <u>Alleyne</u> decision not apply to this case, but even if it did, <u>Alleyne</u> was decided in June of 2013, more than a year before [Petitioner] filed his § 2255 in the Western District of Michigan." (<u>Id.</u>) Thus, Respondent argues that Petitioner cannot satisfied all <u>Wheeler</u> requirements because "there was not a change in applicable substantive law and even if there was, it occurred prior to [Petitioner's] § 2255 motion." (<u>Id.</u>) Accordingly, Respondent argues that Petitioner's Petitions should be denied. (<u>Id.</u>)

As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's "Judgment in a Criminal Case" as filed in the Western District of Michigan (Document No. 13-1.); (2) A copy of Petitioner's "Memorandum of Fact and Law in Support of 28 U.S.C. § 2255" (Document No. 13-2.); (3) A copy of the Sixth Circuit Court's Order denying Petitioner's application for certificate of appealability concerning the District Court's denying of *habeas* relief (Document No. 13-3.); (4) A copy of the Western District of Michigan's "Memorandum Opinion and Order" denying Petitioner's Section 3582 Motion for Reduction of Sentence (Document No. 13-4.); and (5) A copy of the Western District of Michigan's "Order Denying Motion for Modification or

Reduction of Sentence Under the First Step Act of 2018" (Document No. 13-5.).

By Order and Notice entered on January 2, 2020, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 14.) In Response, Petitioner argues that his "motion is not successive because it is based on changes in the law that make apparent that his sentence is impermissibly enhanced." (Document No. 15.) Petitioner further argues that he could not have presented these claims in his prior Section 2255 Motion. (Id.) Citing Burrage v. United States, 134 S.Ct. 881 (2014), Petitioner argues that Alleyne was determined to apply retroactively on collateral review. (Id.) Thus, Petitioner argues that he "is unable to meet the gate keeping provisions of Section 2255(h)(2) for second or successive motions. (Id.) On December 7, 2020, Petitioner filed his "Supplemental Argument to 28 U.S.C. § 2241" wherein he argues for the first time that he is actually innocent of his Section 924(c) conviction.[3] (Document No. 18.)

**E.    Second Section 2255 Motion:**

On August 14, 2020, Petitioner filed in the Western District of Michigan his Second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Brown, Case No. 1:11-cr-00150, Document Nos. 121. As grounds for relief, Petitioner argued his conviction and sentence for being a felon in possession of a firearm should be vacated in light of United States v. Rahaif, 139 S.Ct. 2191 (2019). Id. On October 15, 2020, the United States filed a Motion to Dismiss Petitioner's Second or Successive Motion. Id., Document No. 126.  On November 2, 2020, Petitioner filed his Response. Id., Document No. 129. By Order entered on November 9, 2020, the District Court denied Petitioner's Section 2255 Motion as successive. Id., Document

---

[3] The undersigned declines to address Petitioner's challenge to his Section 924(c) conviction (Count Two). Petitioner did not assert this claim in his initial Petitions nor did he file a Motion to Amend to include such a claim. To the extent Petitioner believes he can meet the requirements of the "savings clause" and wishes to pursue such a challenge in this Court, Petitioner may file a new Section 2241 Petition.

No. 130.

**F.    Motion for Compassionate Release:**

On April 26, 2021, Petitioner filed in the Western District of Michigan a Motion for Compassionate Release. Id., Document No. 131. On May 24, 2021, the United States filed its Response in Opposition. Id., Document No. 135. By Order entered on June 14, 2021, the District Court denied Petitioner's Motion. Id., Document No. 136.

**G.    Motion Under Rule 60 for Relief From Judgment:**

On November 29, 2021, Petitioner filed in the Western District of Michigan a Motion Under Rule 60 for Relief from Judgment. Id., Document No. 139. Petitioner argued that the District Court made a clerical mistake causing the judgment to fail to reflect what was intended at sentencing. Id. Specifically, Petitioner argued that his base offense level for Count One should have been 32 rather than 34, and the Guidelines range for Count Three should have been 77-96 months. Id. By Order entered on December 3, 2021, the District Court denied Petitioner's Motion. Id., Document No. 140.

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences

unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Western District of Michigan. Citing Alleyne and Burrage, Petitioner argues that his sentence was improperly enhanced. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate

jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of Michigan. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Sixth Circuit Court of Appeals.[4]

---

[4]   Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Petition actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained authorization to file a successive Section 2255 Motion based upon *Alleyne* or *Burrage*. *See In re: Sidney Brown*, No. 22-001597 (6th Cir.) Additionally, the Sixth Circuit has denied Petitioner authorization to file a successive Section 2255 Motion based upon *Rehaif v. United States*, 139 S.Ct. 2191 (2019). *In re: Sidney Brown*, No. 20-1584 (6th Cir. Oct. 30, 2020).

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel

11

opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[5] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. In support of his Section 2241 Petition, Petitioner first argues that his underlying

---

[5] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

sentence should be vacated in light of Alleyne. Petitioner, however, cannot satisfy the second prong of either the Jones or Wheeler test. Specifically, Petitioner has not established any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction or invalidated the legality of his sentence. As stated above, Petitioner could and did assert his Alleyne claim in his timely Section 2255 Motion. Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Additionally, Section 2255 is not rendered inadequate merely because Petitioner has unsuccessfully pursued his claim in a prior Section 2255 Motion.

Next, Petitioner relies upon Burrage v. United States, 571 U.S. 204, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014) to support his challenge to his sentence. Applying the substantive law of the court of conviction to decide the retroactivity question concerning Burrage, the undersigned finds that the Sixth Circuit has held that Burrage is retroactive. The Sixth Circuit has determined Burrage to be a retroactive substantive change in the law because it alters the range of conduct that the law punishes. See Harrington v. Ormond, 900 F.3d 246, 249 (6th Cir. 2018). Even finding Burrage to be retroactive, the undersigned finds that Petitioner cannot satisfy all prongs of either the Jones or Wheeler test. Specifically, Petitioner cannot establish that the conduct of which he was convicted is now deemed not to be criminal or that his sentence constitutes a fundamental defect. Prior to Burrage, the "death results" enhancement could be applied at sentencing based upon a preponderance of the evidence showing that the subject drug distribution contributed to the victim's death. In Burrage, the Supreme Court held that a defendant cannot be held liable under the penalty enhancement provision of 21 U.S.C. §

13

841(b)(1)(C) where the use of a drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury unless the drug use is a but-for cause of the death or injury. Although Petitioner was convicted of distributing a controlled substance, Petitioner was not convicted nor was his sentence enhanced for distributing a controlled substance the use of which resulted in death or serious bodily injury. Thus, <u>Burrage</u> is inapplicable to Petitioner's circumstances. Even assuming Petitioner is correct that <u>Burrage</u> is applicable, Petitioner could have filed a timely Section 2255 Motion within one year after the decision in <u>Burrage</u>. Thus, Petitioner could have pursued his Burrage claim in a timely Section 2255 Motion. <u>See</u> <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 963 (8th Cir. 2004)(finding that a federal prisoner is prohibited from seeking *habeas* relief where the prisoner had "an unobstructed procedural opportunity to present his claim" through Section 2255); <u>also see</u> <u>Pollock v. Kallis</u>, 2021 WL 799460, * 3 (D.Minn. Jan. 13, 2021)(finding that Section 2255 was not inadequate or ineffective where petitioner had an earlier "unobstructed procedural shot" at asserting his *Rehaif* claim). Since Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion, the undersigned recommends that Petitioner's Section 2241 Petition dismissed instead of transferred.

<u>**PROPOSAL AND RECOMMENDATION**</u>

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petitions for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 1 and 2) and **REMOVE** this matter from the Court's docket.

14

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: September 13, 2022.

Omar J. Aboulhosn
United States Magistrate Judge