```
            IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

SIDNEY BROWN,

    Plaintiff,

v.                                         CIVIL ACTION NO. 1:19-00762

C. MARUKA, Warden,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation on September 13, 2022, in which he recommended that the district court dismiss plaintiff's petition under 28 U.S.C. § 2241, and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Brown filed objections to the PF&R. See ECF No. 23. With respect to those objections, the court has conducted a de novo review.

On January 11, 2012, a jury in the Western District of Michigan found Brown guilty of possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court sentenced Brown to 210 months of imprisonment, consisting of a sentence of 150 months on Count One, 60 months on Count Two, and 120 months on Count Three, Counts One and Three to run concurrently and Count Two to run consecutively. The United States Court of Appeals for the Sixth Circuit affirmed Brown's conviction and sentence on June 27, 2013. The United States Supreme Court denied Brown's petition for writ of certiorari on November 4, 2013.

Brown objects to the PF&R's ultimate conclusion that his claims are not cognizable in § 2241. As Magistrate Judge Aboulhosn correctly noted, Brown challenges the validity of his conviction and sentence and, therefore, in view of the nature of

his claims, his application must be considered to be a Motion to Vacate, Set Aside or Correct his sentence under § 2255. Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."); see also Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 568 (4th Cir. 2021) ("Federal prisoners generally must use the remedy-by-motion mechanism provided in 28 U.S.C. § 2255 to challenge their convictions or sentences."); Farkas v. FCI Butner, 972 F.3d 548, 550 (4th Cir. 2020) ("Congress requires every federal prisoner who collaterally attacks his conviction to employ the motion mechanism provided in 28 U.S.C. § 2255"). "That statute 'affords every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence.'" Slusser v. Vereen, 36 F.4th 590, 594 (4th Cir. 2022) (quoting Marlowe, 6 F.4th at 568). "For most, that is the end of the road." Id.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. §

2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The United States Court of Appeals for the Fourth Circuit has also held that a person in federal custody may, under certain circumstances, use the savings clause under § 2255 to challenge his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (2018). In Wheeler, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents

4

>    an error sufficiently grave to be deemed a
>    fundamental defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See Marlowe, 6 F.4th at 568. The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001). Of the "limited circumstances: that would "justify resort to § 2241[,]" the United States Court of Appeals for the Fourth Circuit has noted:

> [W]e think it is beyond question that "§ 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted); Lester [v. Flournoy], 909 F.3d at 716. In other words, a test is not "inadequate" just because someone fails it.
>
> Second, the "savings clause" is structured as an exception to AEDPA's comprehensive limitations on the scope of habeas review. Thus, to prevent the exception from swallowing the rule, we have interpreted the "savings clause" narrowly, reasoning that it must encompass only "limited circumstances." In re Jones, 226 F.3d at 333. "A contrary rule," we have explained "would effectively nullify" § 2255's specific limitations." Id.

Farkas, 972 F.3d at 556.

Brown cannot show that he is entitled to use the savings clause under § 2241 because his claims could and should have been raised in his first § 2255 motion. With respect to Brown's reliance on Alleyne v. United States, 570 U.S. 99 (2013), and Burrage v. United States, 571 U.S. 204 (2014), Magistrate Judge Aboulhosn concluded that plaintiff could not satisfy the second prong of either the Jones or Wheeler test because he "has not established any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction or invalidated the legality of his sentence." ECF No. 22 at 13. As the PF&R noted, Brown raised the Alleyne case in his first § 2255 motion and the district court analyzed the case in the context of Brown's motion. And our appeals court has made clear that

> [n]either the text of Section 2255(e) nor this Court's precedent permits resort to Section 2241 for a disappointed federal prisoner who seeks to relitigate his previous Section 2255 motion. [Brown] had the opportunity to test his [Alleyne] claim, and his inability to obtain relief on that claim—whether correct or not—does not make the Section 2255 remedy any less adequate or effective.

Slusser, 36 F.4th at 596-97.

With respect to Burrage, it was decided prior to the filing of Brown's first § 2255 motion. Therefore, any claim based upon Burrage could (and should) have been presented in his first § 2255 motion. "[A] federal prisoner is entitled to pursue

6

a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).  Because Brown had an "unobstructed procedural shot at filing a § 2255 motion" based upon Burrage, a § 2241 motion is unavailable to him.[*]

Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that

---

[*] The PF&R also noted that Burrage was inapplicable to Brown's case because he was not subject to a "death results" enhancement. See ECF No. 22 at 14.  Brown did not raise an objection to this finding.

7

reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 8th day of March, 2023.

ENTER:

David A. Faber
Senior United States District Judge